## ORIN EMERSON *v.* AUGUSTUS YOUNG.

When an issue of fact has been tried by the county court, without the interven-
tion of a jury, the supreme court cannot correct their judgment, unless it ap-
pears, that the whole testimony was clearly and legally insufficient to support
their judgment.

Whether the defendant, in an action of ejectment, was in possession of the de-
manded premises at the commencement of the suit is a question of fact ; and,
where the issue, in such action, is joined to the county court, the decision of the
court, upon that question, cannot be revised, on exceptions, by the supreme
court.

EJECTMENT for certain quarries of limestone.   Plea, the general
issue, and trial by the court,—ROYCE, J., presiding.

On trial the plaintiff gave evidence tending to prove his title to
the quarry demanded, acquired in 1837, and also gave in evidence
a quitclaim deed of the same quarry from E. P. Batchelder to the
defendant, dated April 10, 1838.   It was also proved, that in 1838,
soon after the date of the last mentioned deed, the quarry was worked
by the defendant and a quantity of limestone removed by him ; that
the defendant again worked the quarry in 1839, claiming then, as
he had the year previous, to be the owner, and declaring his inten-
tion to prosecute the business of making and disposing of lime from
the quarry ; but it did not appear, that the defendant or any one
claiming to act under him, had been upon the premises subsequent
to 1840.   It was proved that, in 1843, E. P. Batchelder, who had,
in 1838, been the principal agent of the defendant in working the
quarry, worked upon the ledge, professing to act under one Huse,
agent of the Troy Iron Company, and that Huse, on being inquired
of, denied that he ever sent Batchelder to work there.

Upon this evidence the court rendered judgment for the defend-
ant, upon the ground that he was not in possession of the quarry at
the time this action was commenced,—which was in December,
1843.   Exceptions by plaintiff.

*C. W. & H. F. Prentiss* for plaintiff.

*Poland* and *S. Sumner* for defendant.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   The issue, in this case, was tried by the county court; and they have found, that the defendant was not in possession.   This was wholly a question of fact, with which this court have nothing to do.   Had the county court found otherwise upon the evidence, their opinion would have been equally conclusive.

There seems to be a mistaken impression on this subject, when an issue has been tried by the court.   It is sometimes the case, that the testimony, or the facts are spread out and brought here for re-examination.   But this court cannot correct the judgment of the county court in such cases, unless it appears, that the whole testimony was clearly and legally insufficient to support their judgment, and they were bound to have rendered the judgment the other way. Indeed, when the issue is tried by the court, and it depends either on the weight of testimony, or the inferences, which the court might draw from the testimony, no question can be raised in this court, and the cause should not be brought here by exceptions.

But the decision of the county court as to the facts was clearly right.   By no possible reasoning could the possession, or acts of ownership, of the defendant in 1838 be extended to the time this action was commenced.   The acts of Batchelder in 1843 could not be his, unless the court found them to be so,—which they have not done.

The judgment of the county court is therefore affirmed.